IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Edward Lewallen, a/k/a Christopher Craigo Lewallen,<br><br>Plaintiff,<br><br>v.<br><br>County of Greenville; Hobart Lewis; Jeremy Holt; Isaac Fekete; John Ratcliffe; Christopher Wray; Kash Patel; Cindy Crick; Ernest Michael Patric Obrien, Sr.; John/Jane Doe 1–50,<br><br>Defendants. | C/A No. 6:25-cv-13973-SAL-MHC<br><br><br>**ORDER** |

This is a civil action filed by Plaintiff Christopher Edward Lewallen, a pretrial detainee proceeding pro se. Pending before the court are Plaintiff's motions for a preliminary injunction and for a temporary restraining order ("TRO"), ECF Nos. 8, 11, and his motion for an emergency hearing, ECF No. 15. This matter is currently referred to United States Magistrate Judge Molly H. Cherry. Judge Cherry issued a Report and Recommendation ("Report") in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 21.] The Report recommends this court deny Plaintiff's motions for a preliminary injunction and a TRO for multiple reasons. *Id.* For example, the magistrate judge recommends denial of these motions because this action is not in proper form and has not been served and because Plaintiff has not otherwise complied with Fed. R. Civ. P. 65(b)(1). *Id.* at 3. The Report further explains that Plaintiff has not asserted specific facts to clearly show that an immediate irreparable injury, loss, or damage will result to him before the adverse parties can be heard in opposition. *Id.* He also seeks relief from some persons who are not parties to this action, and he asks the court to intervene in his

1

pending criminal action, which the court should abstain from doing under *Younger v. Harris*, 401 U.S. 37 (1971). *See* ECF No. 21 at 3. The Report further explains that the motion for an emergency hearing is premature and should be dismissed for the same reasons his preliminary injunction/TRO motions should be denied. *Id.* at 4–5. Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 6. Plaintiff has not filed objections, and the time for doing so has expired.[1]

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error and adopts the Report, ECF No. 21, and incorporates it by reference herein.

---

[1] Plaintiff's objections to the Report were due on May 1, 2026, and none have been filed. However, on May 19, 2026, Plaintiff filed a motion for an extension of time asking for additional time to amend his complaint, and the magistrate judge granted that motion. *See* ECF Nos. 24, 25. Plaintiff has not sought additional time to object to the Report.

As a result, Plaintiff's pending motions for a preliminary injunction and for a TRO, ECF Nos. 8, 11, are **DENIED.** His motion for an emergency hearing, ECF No. 15, is also **DENIED**. This matter remains referred to the magistrate judge.

    **IT IS SO ORDERED.**

June 3, 2026  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge